IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **LAWRENCE MICHAEL ARCHER,** | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 7:23-cv-00378 |
| **CONNIE COBB SUBSTITUTE TRUSTEE,** | § § § § | |
| *Defendant.* | § § § § § | |

**DEFENDANT CARRINGTON MORTGAGE SERVICES LLC'S**
**ORIGINAL COUNTERCLAIM**

Defendant/Counter-Plaintiff Carrington Mortgage Services LLC, ("Carrington") files its Original Counterclaim against Plaintiff/Counter-Defendant Lawrence Michael Archer ("Lawrence Archer") and Cross-Claim against Cross-Defendant Audrey Archer ("Audrey Archer,") (collectively, "Counter-Defendants") and would respectfully show as follows:

**I.**
**PARTIES**

1.  Counter-Defendant, Lawrence M. Archer, is the borrower on a Note (the "Note") and Deed of Trust ("Deed of Trust") (collectively the "Loan") encumbering the real property located at 1417 Goldcrest Avenue, McAllen, Texas 78504 (the "Property"). Lawrence Archer has appeared in this case and can be served through his counsel of record.

2.  Counter-Defendant, Audrey Archer, upon information and belief, was the spouse of Lawrence Archer at the time of the execution of the Deed of Trust and executed the Deed of

1

Trust encumbering the Property. Upon information and belief, Audrey Archer can be served at 3805 Hawthorne Ave. No. 3, Edinburg TX 78539 or wherever she may be found.

3. Carrington Mortgage Services, LLC is a Delaware limited liability company which has previously appeared in this litigation. Carrington is the current servicer of the Loan.

## II.
## JURISDICTION

4. The Court may take supplemental jurisdiction over this because it is inextricably intertwined with the underlying matter brought by Counter-Defendant and because all claims stem from the same common nucleus of operative fact. Lawrence Archer's claims and this Counterclaim stem from the underlying Loan, the servicing of the Loan, and the subsequent default on the Loan. Because this Counterclaim stems from the same case or controversy as the underlying litigation, it is proper for the Court to exercise supplemental jurisdiction over Carrington's claim.

## III.
## CONDITIONS PRECEDENT

5. All conditions precedent to the filing of this Counterclaim have been satisfied.

## IV.
## FACTS

*A.  The Mortgage Agreement and Counter-Defendant's default.*

6. On March 25, 2019, Lawrence Archer executed a Note for the principal balance of $118,760.00, payable to Carrington.[1] Said Note is secured by the Deed of Trust, executed jointly by Counter-Defendants on March 25, 2019, and encumbering the Property, which is recorded in the real property records of Hidalgo County, Texas as Document No. 2019-3000306.[2] The Note and Deed of Trust are collectively referred to herein as the "Loan".

---

[1] **Exhibit A**, Note.
[2] **Exhibit B**, Deed of Trust.

7. On June 29, 2021, Carrington assigned the Loan to Bank United N.A. and recorded the assignment in the real property records of Hidalgo County, Texas as Document No. 2021-3241504.[3] Carrington remains the loan servicer.

8. On February 1, 2020, Lawrence Archer defaulted on the Loan by failing to make the monthly payments as due under the Note.[4]

9. On March 8, 2020, and on November 13, 2020, via certified mail, Carrington sent Counter-Defendants Notices of Default and Intent to Foreclose stating Lawrence Archer was in default of his loan obligations and that "failure to cure the delinquency 30 days from the date of the letter [would] result in acceleration of the sums secured by the Deed of Trust . . . and the sale of the property."[5]

**B.    First Foreclosure Attempt.**

10. On February 9, 2022, Carrington mailed to Counter-Defendants, via certified mail, a Notice of Acceleration and Notice of Substitute Trustee's Sale, informing them it was accelerating the maturity of the date of the Note. Carrington advised that, should Counter-Defendants not submit full payment of all outstanding amounts owed under the Note, "the liens created under the Deed of Trust [would] be foreclosed on **04/05/2022**, as specified in the Notice."[6]

11. On April 1, 2022, to stop foreclosure, Lawrence Archer filed a lawsuit in Hidalgo County District Court against the Substitute Trustee set to conduct the sale alleging Carrington lacked standing to foreclose and that Carrington breached the underlying Deed of Trust by failing to mail the required notice of default prior to foreclosure (the "First Lawsuit").[7]

---

[3] **Exhibit C**, Assignment
[4] **Exhibit D,** Notice of Default.
[5] **Exhibit E**, Second Notice of Default.
[6] **Exhibit F**, 02.09.2022 Notice of Acceleration and Substitute Trustee's Sale.
[7] Case No. CL-22-1094-I, *Lawrence M. Archer v. Connie Cobb, Substitute Trustee*, in the 9th County Court of Hidalgo County, Texas.

12.     Promptly thereafter, Carrington intervened and removed the suit to the Southern District of Texas, where the parties filed a Joint Stipulation of Dismissal and Lawrence Archer agreed to dismiss with prejudice all claims asserted, or which could have been asserted by him in the case.[8]

### C.     Second Foreclosure Attempt.

13.     Lawrence Archer failed to cure the default on the Loan and, thus, on August 5, 2022, Carrington mailed Counter-Defendants via certified mail a Notice of Acceleration and Notice of Substitute Trustee's Sale, informing Counter-Defendants it was accelerating the maturity of the date of the note.[9] Should Counter-Defendants not submit full payment of all outstanding amounts owed under the Note, Carrington indicated "the liens created under the Deed of Trust [would] be foreclosed on **10/04/2022**, as specified in the Notice."[10]

14.     On October 3, 2023, to again halt the impending Substitute Trustee's Sale, Lawrence Archer filed a second lawsuit in Hidalgo County against the Substitute Trustee, alleging identical facts and causes of action as in his prior suit (the "Second Lawsuit").[11]

15.     Once again, Carrington intervened and removed the suit to the Southern District of Texas.[12] This Court dismissed Connie Cobb, the Substitute Trustee, as improperly joined, and dismissed all claims against Carrington *with prejudice*.[13]

---

[8] Case No. 7:22-cv-00121, *Lawrence M. Archer v. Carrington Mortgage Services LLC*, in the Southern District of Texas, McAllen Division.
[9] **Exhibit G**, 08.05.2022 Notice of Acceleration and Substitute Trustee's Sale.
[10] *Id*.
[11] Case No. CL-22-4119-D, *Lawrence M. Archer v. Connie Cobb, Substitute Trustee*, in the 4th County Court of Hidalgo County, Texas.
[12] Case No. 7:22-cv-00370, *Lawrence M. Archer v. Connie Cobb and Carrington Mortgage Services LLC*, in the Southern District of Texas, McAllen Division.
[13] *Id*.

4

**D.    Third Foreclosure Attempt.**

16.    Because Lawrence Archer's default on the Loan persisted, on May 16, 2022, Carrington sent Counter-Defendants, via certified mail, a Notice of Acceleration and Notice of Substitute Trustee's Sale, informing Counter-Defendants it was accelerating the maturity of the date of the note.[14] Carrington again told Counter-Defendants that should they not submit full payment of all outstanding amounts owed under the Note, "the liens created under the Deed of Trust [would] be foreclosed on **07/05/2023**, as specified in the Notice."[15]

17.    As has become his custom, on July 3, 2023, Lawrence Archer filed the present suit in Hidalgo County District Court against the Substitute Trustee alleging identical causes of action as in his prior suits.[16] Carrington intervened and removed the case to the Southern District of Texas.[17]

18.    Carrington is the current servicer of the loan and, as such, has authority to seek foreclosure of the lien pursuant to Texas Property Code § 51.0001(4).

**V.**
**CAUSES OF ACTION**

**A.    *Judicial Foreclosure***

19.    Lawrence Archer has been in default of the Note for nearly four years (beginning on February 1, 2020) and 46 monthly payments have not been paid. The amount required to cure the default is $84,850.71. According to Carrington's records, all lawful offsets, payments, and credits have been applied to the account in Default. The total amount to pay off the Loan is $190,396.86.

---

[14] **Exhibit H**, 05.16.2023 Notice of Acceleration and Substitute Trustee's Sale.
[15] *Id.*
[16] Case No. C-2612-23-H, *Lawrence M. Archer v. Connie Cobb, Substitute Trustee*, in the 289th District Court of Hidalgo County, Texas; Notice of Removal, at Ex. A (Dkt.1-1).
[17] *See* Notice of Removal (Dkt. 1).

20.　　Carrington mailed a notice to cure the default by certified mail to each Counter-Defendant, and to each borrower who was obligated to pay the underlying debt. The opportunity to cure expired.

21.　　Before this Counterclaim was filed, Carrington performed any other action required to initiate a foreclosure proceeding by Texas law or the loan agreement, contract, or lien sought to be foreclosed.

22.　　Legal action is not being sought against the occupant of the Property unless the occupant is named as a Counter-Defendant in this Counterclaim.

23.　　Carrington requests this Court enter an order allowing it to proceed with the foreclosure of the Property in accordance with applicable law and the terms of the loan agreement, contract, or lien sought to be foreclosed.

## B.　　*Attorneys' Fees*

24.　　Because of Lawrence Archer's default on his obligations to pay the Note, Carrington has been forced to retain legal counsel to initiate this Counterclaim for judicial foreclosure. Carrington is therefore entitled to recover reasonable and necessary attorneys' fees in accordance with the terms of the Note and Security Instrument and pursuant to Texas Civil Practice & Remedies Code § 38.001.

# VI.
# PRAYER

For these reasons, Defendant/Counter-Plaintiff Carrington Mortgage Services LLC prays that Plaintiffs/Counter-Defendant Lawrence Michael Archer and Counter/Defendant Audrey Archer be cited and appear, and, upon trial, Carrington be awarded judgment against Counter-Defendants as requested herein, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,



By: */s/ Melissa Gutierrez Alonso*
**MELISSA GUTIERREZ ALONSO**
Texas Bar No. 24087648
Fed. I.D. No. 2255351
mgutierrez@bradley.com
**Jessie Manzewitsch Pulero**
Texas Bar No. 24125659
jmanzewitsch@bradley.com
600 Travis Street, Suite 5600
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier
*ATTORNEYS FOR CARRINGTON MORTGAGE SERVICES LLC*

**CERTIFICATE OF SERVICE**

      I certify that on this 31st of January 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

*Via E-mail: juanangelguerra1983@gmail.com*
Juan Angel Guerra
The Law Office of Juan Angel Guerra
P O Box 912
Sebastian, Texas 78594
***Attorney for Plaintiff***

                                          */s/ Jessie Manzewitsch*
                                          Jessie R. Manzewitsch