IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **LAWRENCE MICHAEL ARCHER,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO: 7:23-cv-00378 |
| **CONNIE COBB SUBSTITUTE TRUSTEE,** | § § § § | |
| *Defendant.* | § § § | |

**COUNTER-PLAINTIFF CARRINGTON MORTGAGE SERVICES LLC'S
MOTION FOR DEFAULT JUDGMENT
AGAINST COUNTER-PLAINTIFF LAWRENCE ARCHER**

Defendant/Counter-Plaintiff, Carrington Mortgage Services LLC ("Carrington"), pursuant to Federal Rule of Civil Procedure 55(b), respectfully requests this Court to enter a default judgment against Plaintiff/Counter-Defendant Lawrence Michael Archer ("Lawrence Archer"), who failed to answer or otherwise respond to Carrington's Original Counterclaim (Dkt. 9) despite being properly served, and would respectfully show as follows:

**I.
FACTUAL BACKGROUND**

*A.   The Mortgage Agreement and Lawrence Archer's default.*

1.   On March 25, 2019, Lawrence Archer executed a Note for the principal balance $118,760.00, payable to Carrington (the "Note").[1] The Note is secured by a Deed of Trust executed by Lawrence Archer and Cross-Defendant Audrey Archer ("Audrey Archer") (the "Deed of Trust," collectively with the Note the "Loan") which encumbers the real property located at 1417

---

[1] **Exhibit A,** Decl. of E. Ostermann; **A-1,** Note.

1

Goldcrest Avenue, McAllen, Texas 78504 (the "Property").[2] The Deed of Trust is recorded in the real property records of Hidalgo County, Texas as Document No. 2019-30000306.[3]

2. The Deed of Trust provides that, prior to acceleration, a Notice of Default which specifying: "(a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property," and shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.[4] The Deed of Trust provides:

> If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. . . . If Lender invokes the power of sale, Lender, its designee, or Trustee shall give notice of the date, time, place and terms of sale by posting and filing the notice as provided by Applicable Law. Lender or its designee shall mail a copy of the notice to Borrower in the manner prescribed by Applicable Law.[5]

3. The Deed of Trust further provides the lender may pay reasonable attorney's fees to protect its interest in the Property and/or rights under the Security Instrument" and such amounts disbursed by the Lender "shall become additional debt of Borrower secured by this Security

---

[2] **Exhibit A-2**, Deed of Trust.
[3] *Id.*
[4] **Exhibit A-2**, Deed of Trust, at ¶ 24.
[5] *Id.*

Instrument" and "bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment."[6]

4. On June 29, 2021, Carrington assigned the Loan to Bank United N.A. (the "Assignment") The Assignment in the real property records of Hidalgo County, Texas as Document No. 2021-3241504.[7]

5. Carrington remained as the loan servicer for Bank United N.A.[8]

6. On February 1, 2020, Lawrence Archer defaulted on the Loan by failing to pay and perform his respective obligations.[9]

7. On November 13, 2020, and on November 13, 2020, via certified mail, Carrington sent Lawrence Archer Notices of Default and Intent to Foreclose (the "Notices of Default") which indicated stating Lawrence Archer was in default of his loan obligations and that "failure to cure the delinquency 30 days from the date of the letter [would] result in acceleration of the sums secured by the Deed of Trust . . . and the sale of the property."[10]

8. The Notices of Default, specifically informed Lawrence Archer's default, the amount required to cure the default, and how payments may be made payments to cure the default.[11]

9. The Notices of Default further specified:

> Failure to cure the delinquency 30 days from the date of [the letters] will result in acceleration of the sums secured by the Deed of Trust or Security Instrument and the sale of the property. You have the right to reinstate your loan after legal action has begun. You also

---

[6] *Id*. at ¶ 9.
[7] *Id*. **Exhibit A-3,** Assignment.
[8] **Exhibit A,** Decl. of E. Ostermann at ¶ 6.
[9] **Exhibit A-4,** 03.08.2020 Notice of Default.
[10] *Id*; **Exhibit A-5,** 11.13.2020 Notice of Default.
[11] **Exhibit A-4,** 03.08.2020 Notice of Default; **Exhibit A-5,** 11.13.2020 Notice of Default.

have the right to assert in foreclosure, the non-existence of a default or any other defense to acceleration and foreclosure.[12]

**B.** *First Foreclosure Attempt.*

10. Lawrence Archer failed to cure the default. Thus, on February 9, 2020, Carrington accelerated the Loan by sending Lawrence Archer, via certified mail, a Notice of Acceleration and Notice of Substitute Trustee's Sale.[13] Carrington advised that, should Lawrence Archer not submit full payment of all outstanding amounts owed under the Note, "the liens created under the Deed of Trust [would] be foreclosed on 04/05/2022, as specified in the Notice."[14]

11. On April 1, 2022, to stop foreclosure, Lawrence Archer filed a lawsuit in Hidalgo County District Court against the Substitute Trustee set to conduct the sale alleging Carrington lacked standing to foreclose and that Carrington breached the underlying Deed of Trust by failing to mail the required notice of default prior to foreclosure (the "First Lawsuit").[15]

12. Promptly thereafter, Carrington intervened and removed the suit to the Southern District of Texas, where the parties filed a Joint Stipulation of Dismissal and Lawrence Archer agreed to dismiss with prejudice all claims asserted, or which could have been asserted by him in the case.[16]

**B.**   *Second Foreclosure Attempt.*

13. Lawrence Archer failed to cure the default on the Loan and, thus, on August 5, 2022, Carrington mailed Lawrence Archer, via certified mail, a Notice of Acceleration and Notice

---

[12] *Id*. at 1.

[13] **Exhibit A-6,** 02.09.2022 Notice of Acceleration and Substitute Trustee's Sale; **Exhibit A-2,** Deed of Trust at ¶ 22.

[14] *Id*.

[15] Case No. CL-22-1094-I, *Lawrence M. Archer v. Connie Cobb, Substitute Trustee*, in the 9th County Court of Hidalgo County, Texas.

[16] Case No. 7:22-cv-00121, *Lawrence M. Archer v. Carrington Mortgage Services LLC*, in the Southern District of Texas, McAllen Division.

of Substitute Trustee's Sale, informing Lawrence Archer it was accelerating the maturity of the date of the note.[17] Should Lawrence Archer not submit full payment of all outstanding amounts owed under the Note, Carrington indicated "the liens created under the Deed of Trust [would] be foreclosed on **10/04/2022**, as specified in the Notice."[18]

14. On October 3, 2023, to again halt the impending Substitute Trustee's Sale, Lawrence Archer filed a second lawsuit in Hidalgo County against the Substitute Trustee, alleging identical facts and causes of action as in his prior suit (the "Second Lawsuit").[19]

15. Once again, Carrington intervened and removed the suit to the Southern District of Texas.[20] This Court dismissed Connie Cobb, the Substitute Trustee, as improperly joined, and dismissed all claims against Carrington *with prejudice*.[21]

C.  *Third Foreclosure Attempt.*

16. Lawrence Archer's default on the Loan persisted, thus on May 16, 2022, Carrington sent Lawrence Acher, via certified mail, a Notice of Acceleration and Notice of Substitute Trustee's Sale, informing Lawrence Archer it was accelerating the maturity of the date of the note.[22] Carrington again informed Lawrence Archer should he not submit full payment of all outstanding amounts owed under the Note, "the liens created under the Deed of Trust [would] be foreclosed on 07/05/2023, as specified in the Notice."[23]

---

[17] **Exhibit A-7,** 08.05.2022 Notice of Acceleration and Substitute Trustee's Sale.
[18] *Id*.
[19] Case No. CL-22-4119-D, *Lawrence M. Archer v. Connie Cobb, Substitute Trustee*, in the 4th County Court of Hidalgo County, Texas.
[20] Case No. 7:22-cv-00370, *Lawrence M. Archer v. Connie Cobb and Carrington Mortgage Services LLC*, in the Southern District of Texas, McAllen Division.
[21] *Id*.
[22] **Exhibit A-8,** 05.16.2023 Notice of Acceleration and Substitute Trustee's Sale.
[23] *Id*.

17. Carrington is the current servicer of the loan and, as such, has authority to seek foreclosure of the lien pursuant to Texas Property Code § 51.0001(4).

18. As has become his custom, on July 3, 2023, Lawrence Archer filed the present suit in Hidalgo County District Court against the Substitute Trustee alleging identical causes of action as in his prior suits.[24] Carrington intervened and removed the case to the Southern District of Texas.[25]

19. On January 31, 2024, Carrington filed a counterclaim for judicial foreclosure against Lawrence Archer and served him through his counsel of record.[26] Lawrence Archer did not file an answer to or otherwise defend against Carrington's Counterclaim. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(B), Lawrence Archer's deadline to answer or respond to the counterclaim was February 21, 2024.

20. On June 3, 2024, Carrington moved the for the Clerk's Entry of Default against Lawrence Archer, which was entered on June 15, 2024.[27]

21. As of October 9, 2024, Carrington has incurred $28,40.22 in reasonable attorney's fees and expenses to enforce or collect the obligations owed by Lawrence Archer under the Note and Deed of Trust.[28]

22. To date, Lawrence Archer remains in default of his loan obligations under the Note and Deed of Trust.[29] The amount outstanding on the Note and Deed of trust as of October 8, 2024, exclusive of attorney's fees are as follows:

---

[24] Case No. C-2612-23-H, *Lawrence M. Archer v. Connie Cobb, Substitute Trustee*, in the 289th District Court of Hidalgo County, Texas; Notice of Removal, at Ex. A (Dkt.1-1).
[25] *See* Notice of Removal (Dkt. 1).
[26] Counterclaim for Foreclosure (Dkt. 9).
[27] Def.'s Mot. for Clerk's Entry of Default (Dkt. 16); Clerk's Entry of Default (Dkt. 19).
[28] **Exhibit A,** Decl. of E. Ostermann; **Exhibit B,** Declaration of J. Manzewitsch.
[29] **Exhibit A-9,** Payoff Statement.

| | |
|---:|:---|
| **Unpaid Principal Balance:** | $197,448.18 |
| **Interest at 4.375%:** | $22,698.70 |
| **Escrow Shortage:** | $26,746.63 |
| **Mortgage Insurance Premium Due:** | $134.22 |
| **Other Unpaid Expenses:**[30] | $29,801.49 |
| **Late Fees:** | $209.28 |
| **Suspense Balance:** | -$144.97 |
| **Total Due:** | $197,448.18[31] |

23.     Accordingly, Lawrence Archer is liable to Carrington in an amount no less than $198,448.18.[32] Interest continues to accrue at the per diem rate of $13.959 per day, and Carrington is further entitled to collect all future fees and costs incurred in collecting or attempting to collect the indebtedness owing under the Note and Deed of Trust.[33] Carrington now requests a judgment against Lawrence Archer for judicial foreclosure.

24.     Counsel for Carrington conferred with Audrey Archer regarding the relief sought in its Counterclaim for Judicial Foreclosure and she stated she is unopposed to said relief.

## II.
## ARGUMENT & AUTHORITIES

**A. Default is procedurally appropriate because Lawrence Archer failed to respond to Carrington's Counterclaim for Judicial Foreclosure.**

Judgment by default may be entered when a party entitled to a judgment by default moves the Court for entry of such judgment.[34] Default judgments are left to the sound discretion of the reviewing court.[35] The Court may enter a default judgement where the clerk, under Federal Rule

---

[30] These expenses include, title fees, property preservation fees, and fees incurred by the multiple foreclosure processes initiated and frustrated by Lawrence Archer. An itemization of these fees is found is attached in **Exhibit A-9,** Payoff Statement.
[31] *Id.*
[32] *Id.*
[33] *Id.*; **Exhibit B,** Deed of Trust, at ¶ 9.
[34] Fed. R. Civ. P. 55(a).
[35] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

of Civil Procedure 55(a), enters the party's default based upon a failure to plead or otherwise defend the action.[36] Pursuant to the Federal Rules of Civil Procedure, a default occurs when a party fails to plead or otherwise respond to a complaint within the time permitted.[37] In determining whether the entry of a default judgment is appropriate, the Court must look to whether default judgment is procedurally warranted, whether the complaint provides a sufficient factual basis for the claim for relief, and whether the requested relief is appropriate.[38]

Here, Carrington filed its Counterclaim for Judicial Foreclosure against Lawrence Archer on January 31, 2024, and served him through his counsel of record.[39] Lawrence Archer had 21 days—until February 21, 2024—to answer or file a responsive pleading in response to Carrington's Counterclaim but failed to do so.[40] The Clerk of the Court entered the Clerk's Entry of Default on June 15, 2024.[41] Accordingly, a default judgment against Lawrence Archer is procedurally appropriate.

### B. Carrington is entitled to a Default Judgment for Judicial Foreclosure against Lawrence Archer.

First, a default judgment against Laurence Archer is substantively appropriate because Carrington proved it is entitled to foreclose on the Property. "Texas law allows a mortgagee either to sell property in a non-judicial foreclosure pursuant to powers expressly granted in a deed of trust, Tex. Prop. Code § 51.002, or to bring a judicial foreclosure action."[42] Under Texas law, to

---

[36] Fed. R. Civ. P. 55(b)(2).
[37] *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).
[38] *See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp.3d 809, 813 (N.D. Tex. 2015) (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp.2d 381, 384 (W.D. Tex. 2008)) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).
[39] Counterclaim for Foreclosure (Dkt. 9).
[40] Fed. R. Civ. P. 12(a)(1)(B).
[41] Clerk's Entry of Default (Dkt. 19).
[42] *Montoya v. AmCap Mortg., Ltd.*, No. 01-20-00799-CV, 2022 WL 3268535, at *7 (Tex. App. Aug. 11, 2022) (citing *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 129 n.1 (5th Cir. 1990)).

prevail on a judicial foreclosure action, the servicer must prove: (1) the existence of a financial obligation secured by real property, (2) a default on the loan, and (3) that the property subject to the lien is the same property the party seeks to foreclose," and (4) that notice of default and notice of acceleration were effectuated pursuant to the Deed of Trust and the Texas Property Code.[43] The Texas Property Code permits loan servicers to administer foreclosures on behalf of the mortgagee.[44] All the elements are present here.

### 1) *A financial obligation secured by the Deed of Trust encumbering the Property exists.*

Lawrence Archer's financial obligation is evidenced by the Note executed on March 25, 2019, for the principal balance of $118,760.00.[45] Further, the Note is secured by the Deed of Trust encumbering the Property which was executed by Lawrence Archer.[46] Carrington later assigned the Loan to Bank United N.A. on June 29, 2021, but remained as servicer of the Loan.[47] The Deed of Trust gives Carrington, as the servicer, the right to foreclose on the Property the event of Lawrence Archer's default on the terms of the Note.[48] Further, TEX. PROP. CODE § 51.0025 provides Carrington, as the servicer, may administer the foreclosure on behalf of Bank United N.A. Accordingly, because Carrington proved a financial obligation exists pursuant to the Note[49] which

---

[43] *Schultz v. Deutsche Bank Nat'l Tr. Co.*, No. 3:22-CV-94, 2023 WL 4504589, at *5 (S.D. Tex. May 1, 2023) (citing *Montoya v. AmCap Mortg., Ltd.*, No. 01-20-00799-CV, 2022 WL 3268535, at *7 (Tex. App.—Houston [1st Dist.] Aug. 11, 2022, pet. denied); *Singleton v. United States Bank N.A.*, No. 4:15-CV-100A, 2016 WL 1611378, at *7 (N.D. Tex. Apr. 20, 2016) (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd by* 583 F. App'x 306 (5th Cir. 2014)); TEX. R. OF CIV. P. 309; TEX. PROP. CODE § 51.002.

[44] TEX. PROP. CODE § 51.0025.

[45] **Exhibit A-1**, Note.

[46] **Exhibit A-2**, Deed of Trust.

[47] **Exhibit A-3,** Assignment.

[48] **Exhibit A-2**, Deed of Trust, at ¶ 24.

[49] **Exhibit A-1**, Note.

9

is secured by a Deed of Trust encumbering the Property[50], Carrington may proceed with foreclosure.

### 2) Lawrence Archer defaulted on his mortgage obligations.

On February 1, 2020, Lawrence Archer defaulted on the Loan by failing to make monthly payments as due under the Note.[51] On November 13, 2020, Carrington sent Lawrence Archer the Notice of Default as required under the Deed of Trust and Texas law, giving 30 days to cure it.[52] On May 12, 2023, after Lawrence Archer failed to cure the default, Carrington sent a Notice of Acceleration via certified mail.[53] Lawrence Archer remains in severe default on the Loan which he made no effort to cure.[54] The account is due and owing for the February 1, 2020, and the total amount outstanding on the Loan, as of October 8, 2024, exclusive of attorney's fees, is $197,448.18.[55] All lawful offsets, payments, and credit have been applied to the account in default.

### 3) Carrington seeks to foreclose the Property encumbered by the Deed of Trust.

Carrington seeks to foreclose the Property subject to the Deed of Trust, which is more particularly described as:

> Lot One Hundred Three (103), NORTHPARK ESTATES, an addition to the City of McAllen, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 20, Page 112, Map Records, Hidalgo County, Texas, to which reference is here made for all pertinent purposes.[56]

---

[50] **Exhibit A-2**, Deed of Trust.
[51] **Exhibit A-5,** 11.13.2020 Notice of Default.
[52] *Id*.; **Exhibit A-2,** Deed of Trust at ¶ 14.
[53] **Exhibit A-2**, Deed of Trust at ¶ 22; **Exhibit A-8,** 05.16.2023 Notice of Acceleration and Substitute Trustee's Sale.
[54] **Exhibit A-9,** Payoff Statement.
[55] *Id*.
[56] **Exhibit A-2,** Deed of Trust, at Exhibit A.

Therefore, because Carrington met all the elements of its judicial foreclosure claim, the Court should enter judgment in Carrington's favor and issue an Order of Foreclosure of the Property.

### C. Carrington is entitled to enforce the Deed of Trust.

Carrington is the proper party to enforce the remedies afforded to the Lender under the terms of the Deed of Trust. The Texas Property Code permits loan servicers to pursue foreclosure on behalf of lenders.[57] All that is required is that the servicer and mortgagee enter into an agreement granting the servicer authority to service the mortgage.[58] Bank United N.A. is the current holder of the Note.[59] Further, Bank United N.A. designated Carrington as its servicer and attorney in fact with authority to execute and deliver the necessary documents for the completion of judicial or non-judicial foreclosure.[60]

### D. Carrington served upon Lawrence Archer all the required statutory notices.

Finally, Carrington served upon Lawrence Archer adequate statutory notice after the default. The lender, or servicer must serve, via certified mail, the borrower with written notice of default, and provide "at least 20 days to cure the default before notice of sale can be given."[61] Texas law requires only constructive notice of default, as such "the dispositive inquiry is not receipt of notice, but rather service of notice."[62]

---

[57] Tex. Prop. Code § 51.0025 ("A mortgage servicer may administer the foreclosure of property under section 51.002 on behalf of a mortgagee if the mortgage servicer and the mortgagee have entered into an assignment granting the current mortgage servicer authority to service the mortgage...."); *Bowman v. CitiMortgage, Inc.*, 768 F. App'x 220, 224 (5th Cir. 2019).

[58] *Martins v. BAC Home Loans Servicing, LP,* 722 F.3d 249, 255 (5th Cir. 2013).

[59] *See* **Exhibit A-3**, Assignment.

[60] *Id*. **Exhibit A,** Decl. of E. Ostermann at ¶ 6.

[61] TEX. PROP. CODE. at § 51.002(d).

[62] *Cisneros v. Franklin Credit Mgmt. Corp.*, No. 22-40125, 2022 WL 9914725, at *2 (5th Cir. Oct. 17, 2022) (citing *Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 372 (5th Cir. 2021)).

The Deed of Trust provides the Notice of Default must inform the borrower of "(a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property," and further inform the borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.[63] Thereafter, if the borrower fails to cure said default "on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by [the Deed of Trust] without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law."[64]

### E. The Deed of Trust entitles Carrington to recover Attorney's Fees.

The Deed of Trust provides Carrington may recover reasonable attorney's fees disbursed "to protect its interest in the Property and/or rights under the Security Instrument."[65] Here, as of October 8, 2024, Carrington incurred $28,401.22, in reasonable attorney's fees and expenses protecting its interest in the Property, its rights under the Deed of Trust, and enforcing its right to collect the obligations owed by Lawrence Archer under the Loan.[66] Carrington is entitled to recover such amounts at foreclosure.

Accordingly, pursuant to the provisions in the Deed of Trust, and Lawrence Archer's default under the Note and Deed of Trust, Lawrence Archer is liable to Carrington in an amount not less than $225,849.40 as of October 8, 2024. Interest continues to accrue at the per diem rate

---

[63] **Exhibit A-2**, Deed of Trust, at ¶ 24.
[64] *Id*.
[65] *Id*. at ¶ 9.
[66] **Exhibit A,** Decl. of E. Ostermann, at ¶ 12.

of $13.959 and Carrington is further entitled to collect all future fees and costs incurred in collecting or attempting to collect the indebtedness owing under the Deed of Trust.

## CONCLUSION

For these reasons, Defendant/Counter-Plaintiff Carrington respectfully requests the Court GRANT this Motion for Default Judgment, issue an Order of Foreclosure in regard to the Property, and enter judgment on Defendant/Counter-Plaintiff's Counterclaim for Foreclosure.

Respectfully submitted,

By: */s/ Jessie Manzewitsch Pulero*
**MELISSA GUTIERREZ ALONSO**
Texas Bar No. 24087648
Fed. I.D. No. 2255351
mgutierrez@bradley.com
**JESSIE MANZEWITSCH PULERO**
Texas Bar No. 24125659
Federal Bar No. 3737794
jmanzewitsch@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**
600 Travis, Suite 5600
Houston, Texas 77002
Telephone: (713) 576-0300
Fax: (713) 576-0301

*ATTORNEYS FOR CARRINGTON MORTGAGE SERVICES LLC*

## CERTIFICATE OF SERVICE

I certify that on this 17th of October 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

*Via E-mail:juanangelguerra1983@gmail.com*
*and CMRRR# 9314 8699 0430 0127 5273 47*
Juan Angel Guerra
The Law Office of Juan Angel Guerra
1407 N. Stuart Place Road, Suite B
Harlingen, Texas 78552
***Attorney for Plaintiff***

*Via e-mail and First-Class mail to audrey.a.archer@gmail.com*
Audrey Archer
3805 Hawthorne Ave. # 3,
Edinburg, Texas 78539
***Pro Se Cross Defendant***

*/s/ Jessie Manzewitsch*
Jessie R. Manzewitsch

## CERTIFICATE OF CONFERENCE

I certify that through phone call and e-mail on October 17, 2024, I personally conferred with Cross-defendant Audrey Archer who has confirmed she is unopposed to the relief sought herein.

*/s/ Jessie Manzewitsch*
Jessie R. Manzewitsch